UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAUREEN HART,

　　　　　Plaintiff,

v.                                    CASE No. 8:06-CV-1199-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

　　　　　Defendant.
_____


O R D E R

　　　　The plaintiff in this case seeks judicial review of the denial of her

claim for Social Security disability benefits.[2]  Because the decision of the

Commissioner of Social Security is supported by substantial evidence and

does not contain reversible error, the decision will be affirmed.

I.

　　　　The plaintiff, who was forty-eight years old at the time of the

administrative decision and who has some college education, has worked

_____

　　　[1]Michael J. Astrue has become the Commissioner of Social Security.  Pursuant to
Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne
B. Barnhart as the defendant in this suit.

　　　[2]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 9).

primarily as a hotel room housekeeper, nurse's aide, and a glue-gun operator (Tr. 81, 95). She filed a claim for Social Security disability benefits, alleging that she became disabled due to degenerative disc disease at the L4-5 level of the spine, a compression fracture of the thorax, and a herniated cervical disc (Tr. 75). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of a neck disorder, back disorder, and depression (Tr. 20). He concluded that, with these impairments, the plaintiff could perform a limited range of light work. Thus, he found that she required a job with a sit/stand option and only occasional climbing, balancing, stooping, kneeling, crouching or crawling (Tr. 21). Further, the plaintiff's impairments restricted her to simple routine tasks (<u>id</u>.). A vocational expert testified that, with these limitations, the plaintiff could return to prior work as a gluer as it is performed in the national economy (<u>id</u>.). Moreover, she testified that there are other jobs in the national economy that the plaintiff could perform, such as assembler, packer, or production inspector (<u>id</u>.). In light of this testimony, the law judge decided that the plaintiff was not disabled (<u>id</u>.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. 423(d)(1)(A).   A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3).  The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.   However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff claims that she became disabled on October 12, 2001, when she injured herself while carrying linens at her housekeeping job. She complains of disabling pain and numbness in her back, neck and extremities.  As indicated, the law judge determined that she suffered from severe impairments of neck and back disorders and depression, but concluded

that these impairments were not disabling.  The plaintiff challenges the law judge's decision on several grounds.  None, however, warrants reversal.

A.   The plaintiff contends first that the law judge failed to provide good cause for rejecting the opinion of her treating physician, Dr. Lynn R. Fassy (Doc. 13, pp. 12-15).  Dr. Fassy opined on January 24, 2004, in a state agency questionnaire that the plaintiff is "currently unable to work" (Tr. 177).  In this regard, Dr. Fassy stated that the plaintiff has a restricted range of motion of the cervical and lumbar spine areas, moderate to severe spasms of the cervical and lumbar paraspinals, pain radiating down the left leg and right arm due to severe root irritation/radiculitis, a decrease in grip strength in the right hand, and an impairment in fine dexterity (id.).

The law judge had to give substantial or considerable weight to the opinions of Dr. Fassy, a treating physician, unless there was good cause for not doing so.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).  Good cause exists when the treating physician's opinions are not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge gave Dr. Fassy's opinion "little weight" because it "is not supported by the record, including her own treatment reports"[3] (Tr. 18).  In this regard, the law judge explained (id.):

> [Dr. Fassy's progress notes] noted few clinical findings beyond tenderness in the spinal muscles, upper back, and shoulder areas, trigger points on two occasions (with the second reference indicating improvement), and no more than moderately restricted range of motion on occasion.  For the most part, the claimant's range of motion is described by Dr. Fass[]y as mildly limited.  Dr. Fass[]y did not find motor or sensory deficits.  She indicated that the claimant's gait and station were normal.  The claimant's straight leg raising tests remained negative.  There is no support in her records or in the record as a whole for [the] physician's indication that the claimant had impaired fine dexterity.  She treated the claimant conservatively (indicating that she did not have the objective evidence she needed to proceed more aggressively with pain management) with Percocet and occasional Medrol Dosepak treatments, with two caudal epidural injections, and courses of physical therapy.  She provided the claimant with Zoloft to both address her pain and her depression.  The claimant consistently advised that she received at least fifty percent improvement in her pain with these measures.  And, as noted above, objective studies showed abnormalities, but with resultant mild or diffuse findings (Exhibits 3F, 5F, 7F, and 14F).

---

[3]Dr. Fassy's first name of Lynn does not clearly indicate his gender.  The law judge thought Dr. Fassy was a female.  However, an associate who was apparently covering for Dr. Fassy referred to him as a male (Tr. 199).

This explanation constitutes good cause to reject the opinion of Dr. Fassy.

The plaintiff argues that the law judge's "reasons for discrediting the opinion of Dr. Fassy are not based on substantial evidence" (Doc. 13, p. 15). In this connection, she argues that there is objective testing and clinical signs to support Dr. Fassy's opinion (id. at p. 14).

However, the law judge considered the plaintiff's objective testing and found that it did not support her claim of disabling impairments because "there were no more than mild findings on imaging" (Tr. 16). In this connection, the law judge detailed the findings of each MRI, highlighting the "mild," "minimal," and "diffuse" findings by the physicians, and further noted a lack of evidence of "nerve root compression with resultant motor loss" or "muscle atrophy accompanied by sensory or reflex loss" (Tr. 16-17; see also Tr. 18, 19). This explanation is reasonable and supports the conclusion to discount Dr. Fassy's opinions. Importantly, the plaintiff has not shown the law judge's analysis to be inaccurate; rather, she merely recounts the impairments found by the testing, which is insufficient because the existence of an impairment does not necessarily mean a person is disabled. See Osborn v. Barnhart, 2006 WL 2447683 at **5, 6 (11th Cir. 2006)(unpub. dec.).

Further, the law judge considered Dr. Fassy's clinical findings and gave an adequate explanation as to why he concluded that they do not

establish that the plaintiff is disabled (Tr. 18).  The plaintiff did not articulate

why this explanation does not constitute good cause for disregarding Dr.

Fassy's opinion other than to state that "Dr. Fassy's opinion is consistent with

the opinion of Dr. [Patrick A.] Ijewere," a consultant physician who reported

that the plaintiff was in "moderate painful distress" and "would be a challenge

to employment without pain resolution" (Doc. 13, p. 15; Tr. 245).

However, the law judge addressed the opinion of Dr. Ijewere (Tr.

245-47), stating that he "does not fully credit" that opinion because (Tr. 18):

> ... his rather benign clinical findings do not support
> the claimant's complaints of debilitating pain.
> Apart from some, but not substantial, limitations in
> lumbar and cervical range of motion (for example
> 75 out of a normal 90 degrees of lumbar flexion
> and cervical extension of 45 out of a normal 60
> degrees), the physician noted no abnormalities that
> would account for the claimant's pain complaints.

This explanation, which provides good cause for not crediting fully Dr.

Ijewere's opinion, is not mentioned by the plaintiff.  Therefore, the law judge

was not compelled to accept Dr. Fassy's opinion because it is supported, in

some aspects, by Dr. Ijewere.[4]

_____

[4]Of course, as a consulting physician, Dr. Ijewere's opinions are not entitled to the
same weight as a treating physician.
      Furthermore,  it is an exaggeration to state that Dr. Ijewere's consultative report is
consistent with Dr. Fassy's opinion.  For example, while Dr. Fassy opines that the plaintiff
is "unable to work" (Tr. 177), Dr. Ijewere stated that a "[d]esk job may be tolerable" (Tr.
245).   Furthermore, Dr. Fassy states that the plaintiff suffers from a decrease in grip

Dr. Fassy expressly acknowledged that his opinion was contrary to the opinions of two other treating physicians (Tr. 186).  Thus, a former treating physician, Dr. Mark B. Lonstein, opined that the plaintiff could perform light work (Tr. 150).  And, according to Dr. Fassy, another treating physician, Dr. Michael Feiertag, advised the plaintiff to return to work (Tr. 208).

In sum, the law judge stated good cause for disregarding the opinion of Dr. Fassy, and the plaintiff has failed to show that substantial evidence does not support this determination.  <u>See</u>  <u>Moore</u> v. <u>Barnhart</u>, 405 F.3d 1208, 1213 (11th Cir. 2005)(court is precluded from reweighing the evidence or substituting the court's judgment for that of the Commissioner even if the evidence preponderates against the decision).  Furthermore, this case presents a situation involving conflicting opinions by treating physicians, and the law judge was certainly authorized to resolve that conflict by discounting Dr. Fassy's opinion.

B.  The plaintiff next argues that the law judge failed to notify her properly of her right to counsel because she was not advised of the possibility

---

strength in her right hand and that her fine dexterity is impaired (Tr. 177).  Dr. Ijewere's tests showed normal grip strength, normal fine manipulation, normal motor testing, and no motor deficit (Tr. 244-45).

of obtaining free counsel and the limitation on the recovery of attorney's fees (Doc. 13, pp. 15-19)

A Social Security claimant has a statutory right to have counsel represent her at the hearing.  Holland v. Heckler, 764 F.2d 1560, 1562 (11th Cir. 1985).  The record shows that the plaintiff had been advised (twice) in this case that the Social Security office has a list of lawyers who will handle these cases for free (Tr. 48, 52-53).  However, it has been said that a notice of right to counsel is inadequate unless it informs the claimant that any attorney's fee is limited to twenty-five percent of an award.  See Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir. 1981).  Neither the notices nor the law judge informed the plaintiff of that specific limitation.  Accordingly, the waiver of counsel was not effective under the law of the Eleventh Circuit.   However, before a remand is required based upon an inadequate waiver of counsel, an unrepresented claimant must show prejudice from the lack of counsel. Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997).  Thus, the record must reveal evidentiary gaps which result in unfairness or clear prejudice.  Id.

The plaintiff argues that she was prejudiced by an incomplete medical record because the law judge failed to obtain medical records generated between July 13, 2004, and June 15, 2005, the date of the hearing (Doc. 13, p. 17).  However, the plaintiff points to only two medical visits

during this time period, both of which the plaintiff states were for head pain (id.).  Notably, the plaintiff did not state in her disability reports that headaches prevent her from working (Tr. 55, 75).  Moreover, the plaintiff is now represented by counsel, and the records were not submitted to this court in an effort to show that the plaintiff was prejudiced by a lack of counsel at the administrative hearing.

After the Commissioner responded to this contention by pointing out that no additional records have been shown to exist, the plaintiff moved for leave to file a reply brief to submit more than seventy-five pages of additional records (Doc. 15).  Due to the unfairness to the Commissioner of that approach, the request will be denied.  The plaintiff recognized in her memorandum that she needed to show prejudice to prevail on this point (Doc. 13, p. 16).  Accordingly, the plaintiff should have sought to submit any additional evidence at that point when the Commissioner had a fair opportunity to respond to it.  Furthermore, the plaintiff in her present motion makes no attempt to demonstrate that any of the additional records are significant.

The plaintiff also argues that lack of counsel prejudiced her ability to show that her former job as a gluer was not prior relevant work (id. at pp. 17-18).  It is doubtful that lack of counsel produced a gap in the record

on this point in view of the testimony of a vocational expert that the plaintiff's prior work included work as a gluer, testimony that the plaintiff did not challenge (Tr. 40).  In all events, the plaintiff cannot show prejudice because the law judge found that she could perform other work in the national economy, such as assembler, packer, and production inspector (Tr. 20).

Therefore, this argument fails because the plaintiff has not shown she was prejudiced by the purportedly inadequate notice of counsel.

C.  The plaintiff next argues that the law judge failed to provide any reasons for rejecting the opinion of a reviewing physician that she has a limited ability to handle and finger (Doc. 13, pp. 19-20; Tr. 255); see 20 C.F.R. 404.1527(f)(2).  The reviewing physician obviously based this opinion upon Dr. Fassy's statement that the plaintiff has decreased grip strength in her right hand and impaired fine dexterity, as there is no other record evidence of such an impairment.  Importantly, the law judge expressly rejected Dr. Fassy's opinion, stating "[t]here is no support in her records or in the record as a whole for [the] physician's indication that the claimant had impaired fine dexterity" (Tr. 18).  This explanation, which is uncontroverted by the plaintiff, amply justifies the law judge's conclusion that the plaintiff has not established such an impairment, and that reasoning similarly applies to the opinion of the reviewing physician.

Moreover, the law judge's conclusion is buttressed by Dr. Ijewere's consultative examination just two weeks earlier. Testing at that examination showed that the plaintiff had normal grip strength and fine manipulation in both hands (Tr. 244).

Furthermore, a second reviewing physician opined that the plaintiff had no manipulative limitations (Tr. 291). If the law judge were going to accept an opinion by a reviewing physician as to this condition, the law judge could obviously accept the opinion of the second reviewer, particularly since it is supported by Dr. Ijewere's examination.

Consequently, this argument is meritless.

D.  The plaintiff also argues that the law judge's credibility finding is not based on substantial evidence (Doc. 13, pp. 20-23). The plaintiff argues that the law judge "failed to offer adequate reasons for fully discrediting [the plaintiff's] subjective complaints of pain" (id. at p. 23).

The Eleventh Circuit articulated a number of years ago a standard for assessing allegations of pain and other subjective complaints.   As the court of appeals explained in  Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined

medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, the objectively determined medical condition does not, and could not reasonably, support the complaints of pain, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. Id.; Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985). He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines, either explicitly or implicitly, that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, supra, 761 F.2d at 1549 n.6. In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

It is first noted that, contrary to the plaintiff's suggestion, the law judge did not "fully discredit[]" the plaintiff's subjective complaints of pain (Doc. 13, p. 23). Rather, the law judge found that the plaintiff's allegations regarding the severity of her symptoms and limitations are not "fully credible" (Tr. 21). In other words, the law judge accepted to some extent the plaintiff's testimony regarding her subjective complaints. After all, he found that she was restricted to a range of light work. He rejected her testimony to the extent it indicated that she is totally disabled.

In making his credibility determination, the law judge explained (Tr. 19):

> The claimant has had conservative treatment for her pain which provided at least fifty percent improvement, according to Dr. Fass[]y's records. The claimant has not been hospitalized, has not required emergency room care, and has not had surgery for her neck and back problems since the alleged onset date of disability. She now takes only Advil for the pain. Objective studies have repeatedly shown mild findings. Contrary to the claimant's reports of radicular symptoms, the record has not shown this to be a problem. The claimant's gait has remained normal. There is no support in the record of a medical need for a cane or other assistive device. She has no treatment for any [of] her impairments and her testimony as to her activities of daily living contradicts her allegations of debilitating pain. Therefore, her credibility is questioned.

These reasons provide an adequate basis for the credibility determination. <u>See</u> <u>Allen</u> v. <u>Sullivan</u>, 880 F.2d 1200, 1203 (11th Cir. 1989).

The plaintiff claims that several aspects of the law judge's credibility finding are not supported by substantial evidence (Doc. 13, p. 20). First, the plaintiff contends that the law judge erred in relying upon the plaintiff's medical records which state that she experienced a fifty percent reduction in pain with medication (<u>id</u>. at p. 21). This statement is supported by substantial evidence, as it is stated repeatedly in Dr. Fassy's progress notes (<u>see</u>, <u>e.g.</u>, Tr. 178, 181, 187, 200).

The plaintiff challenges this finding on the ground that, even with a fifty percent improvement in her pain, she continued to experience pain of seven or eight on a scale of one to ten (Doc. 13, p. 21). The law judge, however, could reasonably interpret Dr. Fassy's notes to mean (as I did) that the plaintiff had pain of seven or eight before she took the medication and that with the medication she had a fifty percent reduction in pain (<u>see</u> Tr. 178, 184, 187, 207). Furthermore, to the extent that she was reporting pain at seven or eight out of ten after a fifty percent improvement, such complaints would support the law judge's credibility finding because they would evidence exaggeration.

The plaintiff next challenges the law judge's reference that she "has not had surgery for her neck and back problems since the alleged onset date of disability" (Tr. 19; Doc. 13, p. 21).  This statement is supported by the record  and it is not inconsistent with Dr. Fassy's opinion that the plaintiff "will" need cervical spine surgery (Tr. 177).[5]

The plaintiff also challenges the law judge's finding that her radicular symptoms are not a problem.  The law judge based this finding on the plaintiff's normal gait and the fact that she does not require a cane or assistive ambulation device (Tr. 19).[6]  The plaintiff attempts to show that this conclusion is erroneous by citing to Dr. Lonstein's diagnosis of lumbar radiculitis (Doc. 13, p. 21).  However, that impression was noted in February 2001, more than seven months prior to her disability onset date, at a time when she was still working (Tr. 153).  Therefore, that notation clearly does not support her contention of disabling pain caused by radiculitis.

The plaintiff also states that Dr. Fassy diagnosed her with radiculitis in July 2003 (Doc. 13, pp. 21-22).  In this connection, Dr. Fassy

_____

[5]Furthermore, the law judge rejected Dr. Fassy's opinions, and the plaintiff has not pointed to any other physician who has opined that she needs surgery (cf. Tr. 289 ("[n]o indications for surgical intervention")).

[6]The plaintiff stated that she "would use a cane if [she] w[as] ... standing for a long time or walking for a long time" (Tr. 36).  However, the plaintiff has not pointed to any record evidence that use of a cane is medically necessary.  To the contrary, her treating physician stated that an assistive device is not necessary for ambulation (Tr. 177).

stated that he "believe[s] her left-sided symptoms ... are explained by ... radiculitis" (id.; Tr. 187).  However, this diagnosis does not substantiate its severity, and it is within the province of the law judge to use clinical markers such as the plaintiff's normal gait and the lack of medical necessity for a cane or assistive device to walk in order to determine the severity of her pain.  See Watson v. Heckler, 738 F.2d 1169, 1172 (11th Cir. 1984).

The plaintiff also states, in a conclusory manner, that "the objective evidence ... is more than sufficient to support [her] subjective symptoms" (Doc. 13, p. 22).  Even if that is true, it would not warrant a reversal of the law judge's decision.  Under the substantial evidence standard, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of administrative findings."  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

Finally, the plaintiff argues that her daily activities do not contradict her allegation of debilitating pain (Doc. 13, pp. 22-23).  In this regard, the law judge noted her testimony that she can stand for an hour and walk six blocks (Tr. 37), and that she engages in activities such as cooking,

some housework, stretching, walking, and sitting with her daughter and children (Tr. 38).

The plaintiff argues that "participation in everyday activities of short duration, such as housework or fishing, does not disqualify a claimant from disability and does not establish that a claimant can perform sedentary work" (Doc. 13, p. 22).  However, the law judge did not refer to her daily activities as direct evidence of her ability to work, but to support his conclusion that the plaintiff's allegations of debilitating pain are not fully credible (Tr. 19).

Moreover, the record contains evidence that contradicts a claim of disabling pain.  Thus, the plaintiff told a mental health counselor that she had walked seven miles to her home because her ride did not appear (Tr. 224).  She also told the counselor that she had been up all night caring for her granddaughter while her daughter moved (Tr. 225) and had gone to a Labor Day party (Tr. 224).  Consequently, the plaintiff's activities corroborate the law judge's credibility determination.

In sum, the plaintiff's argument regarding the law judge's credibility determination is essentially that the record supports her subjective complaints.  That argument, as indicated, is beside the point.  Under the substantial evidence test, in order to overturn the law judge's determination,

the evidence must compel the finding that the plaintiff's subjective complaints are totally credible.  Here, the law judge used the proper standard in analyzing the plaintiff's subjective complaints and provided adequate reasons for his credibility determination.  This court is not authorized to second guess that determination.  See  Celebrezze v. O'Brient, supra.

E.  The plaintiff's last challenge is that the law judge erred by failing to discuss the lay evidence of record that supports her disability claim (Doc. 13, pp. 23-25).  In this connection, the plaintiff refers to Third Party Function Reports completed by the plaintiff's daughter and sister-in-law regarding her functioning and an Incident Report completed on June 30, 2004, by Social Security claims representative, Steve Boyd, which stated Boyd was concerned over suicidal thoughts expressed to him by the plaintiff (id. at pp. 23-24).  It would have been unusual if the law judge did discuss those items in his decision since law judges rarely comment on that kind of documentary information.  Significantly, the law judge is not required to refer to each piece of evidence in his decision.  Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).  In all events, the law judge's failure to address this evidence in his decision does not constitute reversible error.

The Third Party Function Reports completed by the plaintiff's daughter and sister-in-law were essentially cumulative of the evidence

presented by the plaintiff.   The law judge clearly rejected the plaintiff's subjective testimony regarding the disabling nature of her condition. Moreover, since the documents were merely reports and not live testimony, there was no opportunity for the law judge to observe the demeanor of witnesses.   In these circumstances, the law judge obviously discounted the reports of the daughter and sister-in-law to the same extent, and for the same reasons, that he discounted the plaintiff's testimony.   Consequently, this clearly implicit credibility determination is sufficient.   Tieniber v. Heckler, 720 F.2d 1251, 1254-55 (11th Cir. 1983); East v. Barnhart, 2006 WL 2808242 at *1 n.3 (11th Cir. 2006)(unpub. dec.).

        The plaintiff also has not shown reversible error based on the law judge's failure to address in his decision the Incident Report by Boyd.  In that report, Boyd stated that the plaintiff had told him that she was going to commit suicide when they were done with their telephone call.  However, there are no records substantiating a suicide attempt and the plaintiff stated during the administrative hearing she had not been hospitalized for mental health issues.   Furthermore, the law judge considered all of the record evidence (Tr. 14), and evaluated the plaintiff's mental state in his decision (Tr. 17, 18-19).  He concluded that she suffers from depression which limits her to performing simple, routine tasks (Tr. 17), and the plaintiff has not

specifically challenged that finding.  Therefore, the contention that the law judge failed expressly to evaluate Boyd's report does not demonstrate reversible error.

It is, therefore, upon consideration

ORDERED:

That the decision is hereby AFFIRMED.  The Clerk shall enter judgment accordingly and close this case.

DONE and ORDERED at Tampa, Florida, this <u>28th</u> day of August, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE